UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES V. FARNSWORTH, | ) |
| Plaintiff, | ) CASE NO.   C07-204-RSL-MJB |
| v. | ) |
| WASHINGTON STATE SUPREME COURT, | ) REPORT AND RECOMMENDATION |
| Defendant. | ) |

Plaintiff is a state prisoner who is currently incarcerated at the Monroe Correctional Complex in Monroe, Washington. He has submitted to this Court for review a civil rights complaint under 42 U.S.C. § 1983 and an application for leave to proceed with this action *in forma pauperis*. Plaintiff's complaint challenges the constitutionality of Washington Superior Court Civil Rule 4(c). Plaintiff complains that Rule 4(c), which requires personal service of process, deprives indigent incarcerated litigants of the ability to effectuate service in state court proceedings. Plaintiff alleges that Rule 4(c) violates his right of access to the courts, his right to due process, and his right to equal protection. He does not allege that he is in imminent danger of serious physical injury.

Plaintiff submitted the instant complaint without using the form designed for plaintiffs who bring actions *pro se* under 42 U.S.C. § 1983. Therefore, he does not answer one of the questions on

REPORT AND RECOMMENDATION
PAGE - 1

1  the form which asks plaintiffs to state how many other lawsuits they have brought in federal court.
2  The Court's own research reveals that plaintiff has brought at least twenty other lawsuits in federal
3  court. (*See* Dkt. No. 43 in *Farnsworth v. Pierce County Sheriff, et al.*, Case No. C04-5780-RBL-
4  JKA). At least three of these lawsuits have been dismissed as frivolous, malicious, or for failure to
5  state a claim.[1]

6        The Prison Litigation Reform Act of 1996 amended 28 U.S.C. § 1915, which deals with
7  "proceedings in forma pauperis," to include the following provision:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceedings under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The United States Court of Appeals for the Ninth Circuit has determined that the § 1915(g) calculation includes claims which were dismissed prior to the effective date of the statute. *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997).

      As this Court's records reflect that petitioner has filed at least three prior civil actions which were dismissed as frivolous, malicious, or for failure to state a claim, he cannot proceed here unless he shows that he is in imminent danger of serious physical injury. As mentioned above, plaintiff makes no such allegation here, much less any showing of imminent danger. Accordingly, the present action must be dismissed without prejudice to plaintiff's filing a new action upon payment of the

---

[1] *See Farnsworth v. Carter*, Case No. C05-5139-FDB (W.D. Wash.); *Farnsworth v. Pierce County, et al.*, Case No. C05-5177-RBL (W.D. Wash.); *Farnsworth v. Glad, et al.*, Case No. C94-774 (C.D. Utah). *See also* Dkt. No. 43 in *Farnsworth v. Pierce County Sheriff, et al.*, Case No. C04-5780-RBL-JKA (W.D. Wash.).

REPORT AND RECOMMENDATION
PAGE - 2

1 filing fee. In addition, plaintiff's application for leave to proceed *in forma pauperis* may be denied as
2 moot. A proposed Order reflecting this recommendation is attached.

3     DATED this 2nd day of May, 2007.

/s/ M. J. Benton
MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3